IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADAM CRUTS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| vs. | ) |
| | ) |
| LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT**

COMES NOW Plaintiff Adam Cruts, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001 *et. seq.*, and for his cause of action against Defendant Lincoln National Life Insurance Company, respectfully states the following:

**Introduction**

1. Plaintiff Adam Cruts (hereinafter "Plaintiff" or "Mr. Cruts") brings this action, against Defendant Lincoln National Life Insurance Company (hereinafter "Defendant" or "Lincoln") for damages caused by the Defendant's breach of statutory, contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 *et. seq.* ("ERISA").

2. Mr. Cruts seeks recovery and payment of benefits due under a healthcare benefits plan, statutory penalties, and costs and attorney's fees associated with this action, as provided by ERISA.

3. This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

4. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and Defendant resides or are found in this district.

## Parties

5. Mr. Cruts is an individual residing in the Eastern District of Missouri. He is a vested participant in a Group Insurance Policy for certain employees of Charter Communications, Inc. (hereinafter "Charter"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1132(a).

6. Mr. Cruts has standing to bring this action as a beneficiary under 29 U.S.C. §1132(a).

7. Lincoln provides health care coverage for certain employees of Charter under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002. Specifically, Lincoln provides Long-Term Disability ("LTD") health insurance benefits.

8. Lincoln is an insurance company incorporated in Indiana and is doing business in Missouri under a license to do business as a Foreign Insurance Company.

9. Lincoln administers and pays benefits under the terms of the LTD plan and is a fiduciary within the meaning of 29 U.S.C. §1002(16),

10. Charter is a corporation incorporated in Delaware and is doing business in Missouri under a foreign business license.

11. Charter serves as the plan administrator and sponsor under the meaning of 29 U.S.C. § 1002(16).

## Facts

12. Mr. Cruts became disabled on January 26, 2021 due to complications and long-haul symptoms resulting from Covid-19.

13. At all relevant times, Mr. Cruts has been under the care of licensed medical doctors.

14. At the time of his disability, Mr. Cruts was employed as a sales manager for Charter Communications, Inc.

15. Lincoln classifies the physical demands of Mr. Cruts' job as sedentary.

16. Mr. Cruts became unable to work in January, 2021 after suffering an acute pulmonary embolism due to blood clots in his lower extremities, assumed to be attributable to an orthopedic boot Mr. Cruts wore to treat pain and Achilles tendonitis of his left foot.

17. Shortly after his pulmonary embolism, Mr. Cruts was diagnosed with a hypercoagulable disorder and was instructed to continue taking blood thinners.

18. Mr. Cruts began experiencing a flare up of his irritable bowel syndrome after he started taking blood thinners, which caused extreme gastrointestinal symptoms that made it difficult for Mr. Cruts to leave his home or interact with others and persisted despite changes to his medications.

19. During the summer of 2021, Mr. Cruts' gastrointestinal symptoms continued and worsened and he began experiencing new symptoms including neuropathy, nerve pain, reactive airway dysfunction, and severe back and leg pain as well as neurological symptoms including memory issues, persistent headaches, and "brain fog" that clouded his cognitive ability.

20. Mr. Cruts' symptoms persisted for several months, during which his physicians continued to see him for follow-up, adjusted his treatment plans, and referred him to specialists in neurology and rheumatology who were unable to identify a specific diagnosis for Mr. Cruts' symptoms.

21. In spring 2022, Mr. Cruts was diagnosed with mast cell activation (MCAS) by Dr. Leonard Weinstock and long haul Covid-19 by the Washington University Covid Clinic.

22. On September 21, 2021, Lincoln denied Mr. Cruts' claim for LTD benefits on the basis that Mr. Cruts was not disabled under the terms of the Plan.

23. In its denial of benefits, Lincoln primarily relied upon a peer review of Mr. Cruts' medical records by an internal medicine physician, who concluded that Mr. Cruts' records did not support impairment.

24. On April 19, 2022, Mr. Cruts sent a letter of appeal to Lincoln's Appeal Review Unit.

25. Mr. Cruts included with his letter of appeal a Vocational Rehabilitation Evaluation ("VRE") completed on April 11, 2022 by Dr. Delores Gonzalez.

26. During her examination, Dr. Gonzalez observed that Mr. Cruts was tangential in his answers and showed difficulties with memory and cognition.

27. Dr. Gonzalez concluded that Mr. Cruts has a significant limitation of functional capacity due to his medically complex presentation, which includes diagnoses of neuropathy, brain fog, nerve pain, and reactive airways disfunction and the evidence in Mr. Cruts' medical records supports a chronic hindrance in his ability to perform basic work functions and some activities of daily living.

28. Dr. Gonzalez further concluded that Mr. Cruts' impairments severely compromised his ability to perform any job on a sustained basis and that because of Mr. Cruts' medically complex presentation and multiple diagnoses, Mr. Cruts is not a candidate for vocational rehabilitation.

29. On May 10 and 11, 2022, Mr. Cruts was evaluated for occupational therapy treatment by Dr. Deborah Turley, OT, who noted that Mr. Cruts had difficulties with his attention and memory and concluded that it was not recommended for Mr. Cruts to return to any full time job and that Mr. Cruts would benefit from ongoing weekly occupational therapy sessions.

30. On May 18, 2022, Dr. Maureen Lyons completed an assessment of Mr. Cruts' work-related abilities and limitations, concluding that during a standard 8-hour work day Mr. Cruts:

   a. Cannot sit, stand, or walk continuously for one hour without requiring rest or alternating positions;

   b. Must take breaks every hour to manage fatigue and nerve pain in his arms and legs;

   c. Can lift or carry up to ten pounds in a single instance but cannot lift or carry for a prolonged period throughout the day or week due to exacerbation of pain, fatigue, and shortness of breath;

   d. Can push or pull up to 20 pounds for up to one hour;

   e. Cannot type, handle, or reach for more than one hour, and repetitive reaching is not recommended;

   f. Cannot stoop, kneel, or crouch for longer than 30 minutes.

31. On May 23, 2022, Lincoln provided to Mr. Cruts a physician review completed by Dr. David Houghton, Lincoln's consulting internal medicine physician, who concluded that Mr. Cruts' medical records did not support the stated restrictions and limitations and described Mr. Cruts' medical care as "grossly disproportionate" and "excessive."

32. On June 27, 2022, Mr. Cruts responded to Lincoln's physician review.

33. On July 20, 2022, Lincoln upheld its adverse determination regarding Mr. Cruts' LTD benefits.

34. In upholding its decision to deny Mr. Cruts' LTD benefits, Lincoln relied upon the physician review completed by Dr. Houghton and an addendum completed after receipt of Mr. Cruts' letter of June 27, 2022.

35. Lincoln concluded that Mr. Cruts is able to perform the duties of his job and is not disabled under the terms of the Plan.

36. Despite Lincoln's conclusion, Mr. Cruts continues to experience significant debilitating symptoms and is unable to perform the demands of his job.

## COUNT I
## Wrongful denial of Benefits pursuant 29 U.S.C. § 1132(a)(1)(b)

37. Mr. Cruts is entitled to LTD benefits under the terms of the Plan.

38. Mr. Cruts has provided substantial medical evidence demonstrating that he has been continuously totally disabled under the terms of the Plan since January 26, 2021.

39. Despite the evidence that Mr. Cruts is disabled under the Plan, Lincoln has denied, and continues to deny, Mr. Cruts his LTD benefits.

40. As a result of Lincoln's wrongful denial of benefits, Mr. Cruts has been damaged in the amount of unpaid benefits.

41. Mr. Cruts has appealed the adverse benefit determination and exhausted all available administrative remedies.

42. Lincoln's denial of Mr. Cruts' LTD benefits was arbitrary and capricious, and not based on substantial evidence.

43. Lincoln is required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

**WHEREFORE,** Plaintiff Adam Cruts respectfully prays for judgment against Defendant Lincoln National Life Insurance Company in the amount of unpaid past benefits, for an Order that Defendant begins future long-term disability and optional disability benefits payments to Plaintiff under the terms of the Plan, for attorney's fees and costs, and for any other such relief as the court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY PURSUANT TO 29 U.S.C. § 1132(a)(3)

44. Mr. Cruts brings this claim against Lincoln under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

45. In terminating benefits under the Plan, Lincoln, acting as a fiduciary in the administration of Mr. Cruts' claim, failed to adequately consider the facts and circumstances regarding his claims, failed to adequately investigate the facts supporting his claim, and relied on biased and incomplete reviews of Mr. Cruts' medical conditions.

46. ERISA § 503, 29 U.S.C. § 1133 requires that every employee benefit plan must:

    a. provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

    b. afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

47. As set forth above, Mr. Cruts provided objective medical information regarding his disability, however Lincoln made its claims decisions without reviewing that information or giving that information the appropriate consideration and weight.

48. Lincoln interpreted the provisions of the Plan in an arbitrary and inconsistent way and did not provide Mr. Cruts with a reasonably clear explanation of what evidence it required him to provide, and what standards and guidelines it was utilizing to determine that Mr. Cruts was not disabled under the terms of the Plan.

49. Defendant Lincoln breached the duty of loyalty by failing to adequately communicate with Mr. Cruts:

    a. Why Lincoln believed Mr. Cruts' medical records did not support the severe and ongoing physical impairments he was suffering;

    b. What evidence Lincoln needed from Mr. Cruts for Lincoln to reverse its determination that he did not meet the definition of disabled;

    c. What Lincoln believed was a non-excessive amount of medical care for Mr. Cruts, an individual experiencing multiple debilitating symptoms with little clear or explainable cause, to seek for his conditions.

50. Defendant Lincoln breached the duty of prudence by:

   a. Failing to thoroughly and properly consider the Work-Related Abilities and Limitations assessment and Vocational Rehabilitation Evaluation Mr. Cruts provided to Lincoln in support of his appeal;

   b. Failing to consider the disruptive impact of Mr. Cruts' need for frequent restroom breaks due to his IBS and gastrointestinal symptoms on his ability to maintain a sustained working pace;

   c. Improperly relying solely on the opinions of Lincoln's own in-house physician reviewer and failing to obtain an independent review of Mr. Cruts' medical records from a third-party physician;

   d. Improperly assigning motivations to Mr. Cruts' treating physicians that would tend to support Lincoln's position without any consultations or conversations with Mr. Cruts' physicians.

   e. Drawing improper assumptions to support a claim that Mr. Cruts' physical ailments are somatic despite no basis in his medical records or any review by a psychiatrist or other doctor qualified to make such an assessment;

   f. Failing to consider the aggregate impact of Mr. Cruts' multiple disabling medical conditions.

51. The above breaches are the byproduct of a review process that is not compliant with 29 CFR § 2560.503-1, which results in an exacerbation of the inherent conflict of interest of Lincoln being both the decider and payer of benefits and permits Lincoln to routinely breach the fiduciary duties it owes to beneficiaries such as Mr. Cruts.

52. As a result of Lincoln's breaches of the dual duties of Loyalty and Prudence owed to Mr. Cruts under ERISA, Mr. Cruts suffered actual harm, as he was denied benefits to which he was entitled under the Plan, he incurred attorneys' fees and costs, and he suffered other financial losses.

53. Lincoln breached its fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as it failed to discharge its duties handling Mr. Cruts' benefits claim in a careful, skillful, and diligent manner.

**WHEREFORE**, Plaintiff Adam Cruts respectfully prays that this Court:

1) Grant judgment in his favor and against Defendant on all claims;

2) Order that Defendant pays all benefits due under the Plan from to the date of judgment, including interest thereon;

3) Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

4) Enjoin Defendant to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133;

5) Enjoin Defendant to discharge its fiduciary duties in accordance with 29 U.S.C. § 1104;

6) Order restitution or surcharge to disgorge Defendant's unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses, and payment of his attorneys' fees caused by Defendant's violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

7) Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

8) Award all such other and further relief as this Court deems just and proper.

        **Respectfully submitted,**

        **GALLAGHER DAVIS, L.L.P.**

        */s/ Adam J. Olszeski*
        Matthew R. Davis, #MO58205
        Adam J. Olszeski, #MO66126
        2333 S. Hanley Road
        St. Louis, Missouri 63144
        (314) 725-1780
        Fax: (314) 725-0101
        matt@gallagherdavis.com
        adam@gallagherdavis.com

        *Attorneys for Plaintiff*