**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ADAM CRUTS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-CV-00851-MTS |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF KRISTI JAMES MOTION FOR LIMITED DISCOVERY**

COMES NOW Plaintiff, by and through undersigned counsel, and for his Memorandum of Law in Support of his motion for limited discovery states as follows:

**Introduction**

This is an ERISA case for long term disability benefits provided under an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002. In the proposed scheduling plan, the parties identified that they did not agree on the scope of discovery permitted under ERISA as it applies to the facts in this case and in response the Court in its Case Management Order instructed Plaintiff to file a Motion for Discovery if discovery beyond the administrative record was necessary. This motion and memorandum follow.

**Background**

Since 2018, Mr. Cruts has been employed by Charter in a sales management capacity. [Adm. Rec. at Lincoln/Cruts 0277]. His principal job duties are cognitive in nature and included but were not limited to: managing a sales force of 6-7 sales associates; analyzing sales statistics customer needs; and develop sales strategies and policies. [*Id.*] This was a sedentary position. [*Id.*]

In 2020, Mr. Cruts was diagnosed with Covid 19. [Admin. Rec. at Lincoln/Cruts 1089-1094]. His symptoms resolved quickly and he appeared to make a speedy recovery. [*Id.*] Shortly after his diagnosis many of Mr. Cruts' preexisting conditions (Irritable bowl syndrome, deep vein thrombosis, tendonitis, among others) began acting up. [*Id.*] Over the next eighteen months Mr. Cruts experienced incontinence diarrhea, issues with clots, and inability to physically perform the normal activities of daily living. [*Id.*] Additionally, Mr. Cruts began having sever headaches and "brain fog" which inhibited his ability to think and/or perform cognitive functions. [*Id.*]

In March of 2022, Mr. Cruts was diagnosed with mast cell activation. [*Id.*] The treatment of this condition provided some relief from his symptoms, but the grain fog and migraines persisted. [*Id.*] Ultimately, Mr. Cruts was referred to the Covid Clinic at Barnes where he was diagnosed with long haul Covid. [*Id.*] Following successful treatment for long haul Covid, Mr. Cruts was able to return to work on May 28, 2022, with symptoms of all pre-existing conditions returning to pre-covid level of control. [Adm. Rec. at Lincoln/Cruts 0251-0254].

During his battle with long haul Covid Mr. Cruts' was only capable of a sub-sedentary level of functionality. [Adm. Rec. at Lincoln/Cruts 0251-0254]. And an occupational evaluation determined Mr. Cruts was unable to participate in the open work market considering all of his symptoms from the long haul Covid, which included exacerbation of pre-existing conditions. [Adm. Rec. at Lincoln/Cruts0275-0298].

Despite being presented with objective medical evidence of Mr. Cruts' condition Lincoln denied LTD benefits. The primary reasons for denying benefits was: (1) the opinion of Dr. Houghton, Lincoln's retained physician; and (2) a failure to implement appeal procedures compliant with federal regulations.

**Standard of Review**

The appropriate standard of review in this matter is the "modified abuse of discretion standard" as discussed by the 8th Circuit in *McIntyre v. Reliance Std. Life Ins. Co.*, 972 F.3d 955, 959 (8th Cir. 2020) and first outlined in *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160-61 (8TH Cir. 1998).

In *MetLife v. Glenn*, the U.S. Supreme Court Stated that:

> Conflicts are but one factor among many that a reviewing judge must take into account. Benefits decisions arise in too many contexts, concern too many circumstances, and can relate in too many different ways to conflicts –which themselves vary in kind and in degree of seriousness—for us to come up with a one-size fits-all procedural system that is likely to promote fair and accurate review. Indeed, special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress. …
>
> Not only trust law, but also administrative law, can ask judges to determine lawfulness by taking account of several different, often case-specific, factors, reaching a result by weighing all together.

*Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 114 (2008) (internal citations omitted).

In response to that holding, the 8th Circuit adopted the modified abuse of discretion standard of review to permit judges to explore all conflicts of interests and procedural irregularities that exist in the administrative record and determine how such conflicts and irregularities affect the lawfulness of a Plan administrator's discretionary decision making. See *McIntyre v. Reliance Std. Life Ins. Co.*, 972 F.3d 955 (8th Cir. 2020).

The modified abuse of discretion standard is appropriate when: (1) a palpable conflict of interest or procedural irregularities exist, which (2) caused a serious breach of the plan administrator's fiduciary duty. *See McIntyre*, 972 F.3d at 959. (citing and discussing *Woo*, 144 F.3d at 1160). Here, there is no dispute that a conflict of interest exists. As will be shown below, there are also procedural irregularities. The second prong – if the procedural irregularities and/or conflict of interest caused a breach of fiduciary duties – can only ever be satisfied if discovery is granted beyond the administrative record. As there are identifiable procedural irregularities in the administrative record, discovery is necessary to see whether those irregularities and the inherent conflict of interest caused a breach of fiduciary duty.

**Right to Discovery**

Mr. Cruts is pursing two alternative theories of recovery. [See Doc #1 – Complaint.] Count I alleges a wrongful denial of benefits and is brought under §1132(a)(1)(b) and Count II is brought pursuant to §1132(a)(3) for a breach of fiduciary duties stemming from a faulty process. [*Id.*] A claim brought for equitable remedies under §1132 (a)(3) "flows from the process, not the denial of benefits itself," and is inherently separate and distinct from a claim under §1132 (a)(1)(b). *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 547 (8th Cir. 2017). Discovery is appropriate under both causes of action in this matter.

1) *Discovery is Necessary Under Ms. James § 1132(A)(1)(B) Claim for Wrongful Denial of Benefits*

As Judge Nanette Baker recently recited, the law of this district and the 8th Circuit is that discovery is appropriate beyond the administrative record:

> In a wrongful denial of benefits case, a district court may permit the admission of additional evidence if the plaintiff shows "good cause"

> for the court to do so. *Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). Discovery may be permitted to establish either a palpable conflict of interest or serious procedural irregularity. *See Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998). Conflicts of interest exists whenever the same entity both determines benefits eligibility under an ERISA plan and pays the benefits out of its own pocket. *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105, 114, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008). A procedural irregularity is said to exist where the plan administrator, in the exercise of its power, acted dishonestly, from improper motive, or failed to use sound judgment in reaching its decision. *Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 869 (8th Cir. 2008).

*Radle v. UNUM Life Ins. Co. of Am.*, 2022 U.S. Dist. Lexis 145289 (E.D. Mo. Aug. 15, 2022).

It is undisputed that Lincoln is both the decider and payer of LTD benefits under the plan at issue, see [Doc #1 at ¶¶ 6-7] and [Doc #5 at ¶¶ 6-7], and bears an inherent conflict of interest. See *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Additionally, there are at least two procedural irregularities apparent in the administrative record.

a. *<u>Improper Retention of a Medical Expert</u>*

29 C.F.R. § 2560.503-1(b)(7) prohibits the retention of medical experts by a plan administrator based on the likelihood that the physician would return an opinion that would support certain outcomes. The prohibition implicitly requires plan administrators like Lincoln to implement internal guidelines and procedures that would ensure retention of experts based solely upon their qualifications to opine on the matter at hand.

In this case, Lincoln retained Dr. Houghton to opine on Mr. Cruts' file. [See Adm. Rec. at Lincoln Cruts 0098-0113; Lincoln/Cruts 0131-0133; and Lincoln/Cruts 0238-0242]. In response to his initial report, Counsel for Plaintiff was able to identify blatant issues in his opinion and informed Lincoln of the issues. [Adm. Rec. at Lincoln/Cruts at 0136-0138]. Dr. Houghton's "medical opinions" were so far removed from what the available medical literature indicated (as

evidenced by Counsel for plaintiff's ability to refute the contentions with nothing more than internet searches) that they can not be deemed as credible and calls into question whether Mr. Houghton was retained for his expertise or his likelihood to return an opinion favorable to Lincoln.

Moreover, Dr. Houghton, failed to address: (1) the severity and debilitating nature of the flare up of Mr. Cruts' symptoms related to his pre-existing conditions [Adm. Rec. at Lincoln/Cruts 0131-0133; and Lincoln/Cruts 0238-0242]; (2) the physical restrictions imposed by those symptoms [*Id.*]; or (3) the totality of Mr. Cruts' conditions from considering the totality of his symptoms.

Discovery is necessary in this case – and good cause exists – to determine whether Lincoln implemented proper retention policies to guarantee that Dr. Houghton was retained solely for his medical expertise and not for his likelihood to return an opinion that would support denial.

b. *Failure to follow federal regulations regarding proper claim handling procedures*

In response to Dr. Houghton's initial opinions, counsel for Plaintiff sent a letter pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii) expressing concerns over the retention of Dr. Houghton and requesting a review of Lincoln's policies and procedures regarding retention of medical experts. [Adm. Rec. at Lincoln/Cruts 0135]. Those policies and guidelines should have been included as part of the claim file produced to counsel for plaintiff as they are "documents, records and other information relevant to the claimant's claim for benefits." *See* 29 C.F.R. § 2560.503-1(h)(2)(iii) and (h)(4).

Pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii) Lincoln was required to provide a written response to that letter within ten days. No response was provided.

Lincoln's failure to produce its policies and procedures or to provide a written response to Plaintiff's June 27, 2022, 29 C.F.R. § 2560.503-1(l)(2)(ii) letter are patent examples of Lincoln's failure to implement proper claims procedures required under 29 C.F.R. § 2560.503-1.

Limited written Discovery is necessary – and good cause exists – to determine whether Lincoln properly implemented plan procedures compliant with 29 C.F.R. § 2560.503-1 and afforded Mr. Cruts the full and fair review he was entitled. Without discovery it is impossible to tell whether the two failures were de minimums errors or a byproduct of a review system that did not comply with Federal Regulations.

2) *Discovery is necessary in all claims brought under §1132(a)(3)*

Discovery is necessary in *all* §1132(a)(3) claims, the only limitation on discovery is those contained in the Federal Rules of Civil Procedure. *Kostecki*, 2014 LEXIS 24858 at *4 (emphasis added).

Claims brought for breach of an administrator's fiduciary duties under §1132(a)(3) require discovery to explore the nature and extent of the purported conflict or irregularity that form the basis of the administrator's fiduciary duties. *Sampson v. Prudential Ins. Co. of Am*., 4:08-CV-1290 CDP LEXIS 24858 (E.D. Mo. Ct. Mar. 26, 2009); *Kostecki v. Prudential Ins. Co. of Am*., 4:14-CV-695 JCH LEXIS 144297 (E.D. Mo. Ct. Oct. 10, 2014); and *Friemon v. Nat'l Carriers' Conf. Comm*., 2018 U.S. Dist. LEXIS 199142, *3 (E.D. Mo. Ct. Nov. 26, 2018).

Because the courts will conduct a more searching review of the breach of fiduciary duty claim, Plaintiff is entitled to discovery as it relates to this claim. *See Waldoch v. Medtronic*, Inc., 757 F.3d 822, 830 (8th Cir. 2014).

**Discovery Sought**

As a result of the procedural irregularities identified above Plaintiff seeks the following discovery:

1. Written discovery regarding all internal guidelines, policies, claim handling manuals, and/or procedures – however named – that govern Lincoln's review of an internal appeal of benefits denial.
2. Written discovery regarding all internal guidelines, policies, claim handling manuals, hiring practices and/or procedures – however named – that govern Lincoln's retention of a medical reviewer, whether through a third-party vendor or otherwise, including every way that Lincoln guarantees that that the retention and/or compensation was not based on the likelihood that the third-party would support the denial of benefits
3. Written discovery directed to any third party vendor that was used to retain Dr. Houghton relating to how it retains medical reviewers and if it keeps information about medical reviewers regarding the rate its retained medical professionals support or deny continued benefits.
4. Written discovery into any and all manuals, procedures, and guidelines (however so named) that govern the retention of third-party reviewers.
5. Written discovery into all internal guidelines, policies, claim handling manuals, and/or procedures – however named – that govern Lincoln's employee reviews and/or employee retention or advancement.
6. Deposition of Dr. Houghton – not to exceed one hour in time – to determine that he actually considered all medical knowledge and cross examine him as to why his medical opinions differed so greatly from the readily available medical literature.

7. Depositions of Lincoln employee Stephanie Berry – no to exceed one hour in time – to determine that she followed all internal guidelines for the review of an appeal and retention of medical experts.

**Respectfully submitted,**

**GALLAGHER DAVIS, L.L.P.**

*/s/ Adam J. Olszeski*
Matthew R. Davis, MO58205
Adam J. Olszeski, MO66126
2333 S. Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 13th day of January 2023 a copy of the foregoing was served via the Court's electronic filing system, upon all counsel of record.

*/s/Adam J. Olszeski*